IN THE SUPREME COURT OF NORTH CAROLINA

No. 18A14-2

Filed 9 June 2017

STATE OF NORTH CAROLINA

v.

PARIS JUJUAN TODD


Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, ___ N.C. App. ___, 790 S.E.2d 349 (2016), reversing an order denying defendant's motion for appropriate relief entered on 15 January 2015 by Judge Donald W. Stephens in Superior Court, Wake County, and remanding the case for entry of an order granting defendant's motion for appropriate relief and vacating his prior conviction. Heard in the Supreme Court on 12 April 2017.

> *Joshua H. Stein, Attorney General, by Joseph L. Hyde, Assistant Attorney General, for the State-appellant.*

> *N.C. Prisoner Legal Services, Inc., by Reid Cater, for defendant-appellee.*

BEASLEY, Justice.

In this appeal we consider whether this Court has jurisdiction to decide an appeal taken from a divided decision of the Court of Appeals pursuant to N.C.G.S. § 7A-30(2) arising from a trial court's ruling granting or denying a motion for appropriate relief (MAR) and whether the Court of Appeals erred by reversing the trial court's decision that defendant received effective assistance of appellate counsel.

The Court of Appeals concluded that the State presented insufficient evidence to show that defendant committed the underlying offense and further concluded that, if defendant's appellate counsel had raised the sufficiency of the evidence issue in the previous appeal, defendant's conviction would have been reversed. We hold that this Court has jurisdiction to hear this matter and conclude that the record should be further developed before a reviewing court can adequately address the ineffective assistance of counsel claim. Accordingly, we reverse and remand the decision of the Court of Appeals.

On 2 April 2012, Paris Jujuan Todd (defendant) was indicted for robbery with a dangerous weapon and conspiracy to commit the same offense. After a trial beginning on 12 June 2012, defendant was convicted of robbery with a dangerous weapon. Defendant appealed that conviction to the Court of Appeals, arguing that the trial court erred by denying his motion to continue and that he received ineffective assistance of trial counsel. *See State v. Todd*, 229 N.C. App. 197, 749 S.E.2d 113 2013 WL 4460143 (2013) (unpublished) (*Todd I*). The Court of Appeals disagreed with defendant and held that the trial court did not err in denying defendant's motion to continue and that defendant did not receive ineffective assistance of trial counsel. *Todd*, 2013 WL 4460143, at *5.

On 21 October 2014, defendant filed a motion for appropriate relief (MAR) in the trial court, arguing that the evidence was insufficient to support his conviction

and that his appellate counsel was ineffective for failing to raise this claim on appeal. On 15 January 2015, the trial court, without conducting an evidentiary hearing on defendant's ineffective assistance of counsel claim, entered an order denying defendant's MAR. The trial court found that "[a] review of all the matters of record, including the opinion of the North Carolina Court of Appeals . . . clearly demonstrates that the evidence was sufficient to support the jury verdict and appellate counsel rendered effective assistance to Defendant in his appeal." Defendant filed a petition for writ of certiorari to the Court of Appeals seeking review of the trial court's order denying his MAR, which the Court of Appeals allowed on 27 March 2015.

Defendant argued to the Court of Appeals that in the first appeal his appellate counsel performed below an objective standard of reasonableness by failing to argue that the evidence was insufficient to support defendant's conviction. A divided panel of the Court of Appeals held that defendant received ineffective assistance of appellate counsel in his first appeal and concluded that defendant likely would have been successful had his counsel raised the sufficiency of the evidence issue in his first appeal. *State v. Todd*, ___ N.C. App. ___, ___, 790 S.E.2d 349, 364 (2016) (*Todd II*). More specifically, after concluding that, "the State presented insufficient evidence that defendant committed the underlying offense," the majority held that the trial court erred in denying defendant's MAR. *Id.* at ___, 790 S.E.2d at 364. Accordingly, the Court of Appeals reversed the trial court's order and remanded the case to the

trial court with instructions to grant defendant's MAR and vacate his conviction. *Id.* at ___, 790 S.E.2d at 364.

Nonetheless, according to the dissent, defendant failed to show that appellate counsel's performance was deficient. *Id.* at ___, 790 S.E.2d at 365 (Tyson, J., dissenting). The dissent noted that "[e]ffective appellate advocates winnow out weaker arguments and focus on those more likely to prevail on appeal." *Id.* at ___, 790 S.E.2d at 367 (citing *Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 3312 (1983)). Because "[t]his accepted discretionary process lies within the professional judgment of appellate counsel," *id.* at ___, 790 S.E.2d at 367, the dissent concluded that defendant could not show that his appellate counsel was deficient in not raising a sufficiency of the evidence argument in the first appeal, *id.* at ___, 790 S.E.2d at 368. The State gave timely notice of appeal based upon the dissenting opinion.[1]

As a threshold matter, we must consider whether this Court has jurisdiction to decide this appeal. Generally N.C.G.S § 7A-30(2) provides an automatic right of appeal to this Court based on a dissent at the Court of Appeals. N.C.G.S. § 7A-30(2) (2015). But, that automatic right of appeal is limited by N.C.G.S. § 7A-28, which

---

[1] Additionally, on 9 December 2016, we ordered the parties to brief and argue (1) whether the Court of Appeals erred in reversing and remanding the trial court's judgment, and (2) whether this Court has jurisdiction to hear and decide an appeal taken from a decision of the Court of Appeals that arose from a trial court ruling granting or denying a motion for appropriate relief pursuant to N.C.G.S. § 7A-30(2), in light of the provisions of N.C.G.S. §§ 7A-28(a) and 15A-1422(f).

states that "[d]ecisions of the Court of Appeals upon review of motions for appropriate relief listed in G.S. 15A-1415(b) are final and not subject to further review in the Supreme Court by appeal, motion, certification, writ, or otherwise." *Id.*, § 7A-28(a) (2015). We acknowledge that the plain language of N.C.G.S. § 7A-28 precludes this Court's review of a case in which there is a dissent in the Court of Appeals when the case involves review of a motion for appropriate relief; however, we maintain the authority granted to us by the state constitution and recognize that "it is beyond question that a statute cannot restrict this Court's constitutional authority under Article IV, Section 12, Clause 1 of the Constitution of North Carolina to exercise 'jurisdiction to review upon appeal any decision of the courts below.' " *State v. Ellis*, 361 N.C. 200, 205, 639 S.E.2d 425, 428 (2007) (quoting N.C. Const. art. IV, § 12). "This Court will not hesitate to exercise its rarely used general supervisory authority when necessary to promote the expeditious administration of justice." *State v. Stanley*, 288 N.C. 19, 26, 215 S.E.2d 589, 594 (1975) (citations omitted). Thus, we exercise the supervisory authority granted by Article IV, Section 12 of the North Carolina Constitution to decide this matter.

Having determined that we have jurisdiction to hear this matter, we next consider whether defendant received ineffective assistance of appellate counsel. Before this Court, the State argues that defendant's appellate counsel apparently made a strategic decision not to challenge the sufficiency of the evidence. Because the lower courts did not determine whether there was a strategic reason for defendant's

appellate counsel to refrain from addressing the sufficiency of the evidence supporting defendant's conviction, we reverse and remand the decision of the Court of Appeals.

A defendant's right to counsel, as guaranteed by the Sixth Amendment to the United States Constitution, includes the right to effective assistance of counsel. *State v. Braswell*, 312 N.C. 553, 561, 324 S.E.2d 241, 247-48 (1985) (citing *McMann v. Richardson*, 397 U.S. 759, 771 & n.14, 90 S. Ct. 1441, 1449 & n. 14 (1970)). When challenging a conviction on the basis that counsel was ineffective, a defendant must show that counsel's conduct "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2064 (1984); *see also Braswell*, 312 N.C. at 561-62, 324 S.E.2d at 248. In *Strickland* the United States Supreme Court set forth a two-pronged test for determining whether a defendant has received ineffective assistance of counsel. 466 U.S. at 687, 104 S. Ct. at 2064. *Strickland* requires that a defendant first establish that counsel's performance was deficient. *Id.* at 687, 104 S. Ct. at 2064. This first prong requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687, 104 S. Ct. at 2064. Second, a defendant must demonstrate that the deficient performance prejudiced the defense, which requires a showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687, 104 S. Ct. at

2064. Thus, both deficient performance and prejudice are required for a successful ineffective assistance of counsel claim.

In this case defendant's claim stems from appellate counsel's decision not to argue in his first appeal that the evidence was insufficient to support defendant's conviction. Defendant contends that he would have won his appeal had this dispositive issue been raised. Conversely, the State argues that defendant's appellate counsel "apparently made a strategic decision not to challenge the sufficiency of the evidence."

Rather than articulating specific guidelines for appropriate attorney conduct, the Court in *Strickland* emphasized that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* at 688, 104 S. Ct. at 2065. *Strickland* notes that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690-91, 104 S. Ct. at 2066. Simply put, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* at 691, 104 S. Ct. at 2066. In considering the merits of any claim for ineffective assistance of counsel, "a particular decision not to investigate must be directly assessed for reasonableness in

all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.* at 691, 104 S. Ct. at 2066.

As to the first prong of the *Strickland* test, the Court of Appeals acknowledged the State's argument that defendant's prior appellate counsel "apparently made a strategic decision" not to challenge the sufficiency of the evidence. *Todd II*, ___ N.C. App. at ___, 790 S.E.2d at 364 (majority opinion). But the Court of Appeals majority opinion noted that the State failed to explain how the failure to challenge the sufficiency of the evidence in the first appeal could be a strategic decision. *Id.* at ___, 790 S.E.2d at 364. Neither of our lower courts, however, addressed whether there was an actual strategic reason for defendant's appellate counsel not to address the sufficiency of the evidence issue, and if so, whether the strategic decision was reasonable. Specifically, the trial court did not address whether this was a strategic decision because that court summarily denied defendant's MAR without a hearing. Additionally, the Court of Appeals did not fully address this issue. While "winnowing out weaker arguments on appeal and focusing on one central issue" is an important aspect of appellate advocacy, *Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 3313 (1983), the determination of whether a defendant's appellate counsel made a particular strategic decision remains a question of fact, and is not something which can be hypothesized, s*ee Provenzano v. Singletary,* 148 F.3d 1327, 1330 (11th Cir.), *reh'g en banc denied*, 162 F.3d 100 (11th Cir. 1998). Thus, the record before this Court

is not thoroughly developed regarding defendant's appellate counsel's reasonableness, or lack thereof, in choosing not to argue sufficiency of the evidence.

We therefore hold that the record before us is insufficient to determine whether defendant received ineffective assistance of counsel. On remand the Court of Appeals should further remand this matter to the trial court with instructions to fully address whether appellate counsel made a strategic decision not to raise a sufficiency of the evidence argument, and, if such a decision was strategic, to determine whether that decision was a reasonable decision. Further, if the trial court finds that defendant's appellate counsel's performance was deficient, that court should then determine whether counsel's performance prejudiced defendant.

For the reasons stated herein, the decision of the Court of Appeals is reversed, and that court is instructed to remand this matter to the trial court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED