BERGER, Judge.
 

 Bertylar Peace, Jr. ("Defendant") was charged with driving while impaired on April 18, 2013. Defendant appealed to Superior Court where a Granville County jury found him guilty of driving while impaired on July 20, 2016. Defendant alleges his trial counsel provided ineffective assistance by failing to raise the statute of limitations as an affirmative defense, and further contends that the prosecutor made improper statements during closing argument that would entitle him to a new trial. As to both, we disagree.
 

 Factual & Procedural Background
 

 On April 18, 2013, Detective Brian Carey with the Oxford Police Department observed a GMC pickup truck fail to stop at a stop sign at the intersection of Henderson and Hunt Streets. After making a left onto Henderson Street, the vehicle was observed exiting the roadway. Detective Carey followed the vehicle for approximately one-half mile. After Defendant's vehicle crossed the center line and veered back off the road, Detective Carey initiated a traffic stop.
 

 As Detective Carey approached the GMC pickup truck, Defendant was exiting the driver's side door. He stumbled towards the officer and attempted to steady himself by grabbing the bed of the truck. Detective Carey instructed Defendant to get back into the vehicle, but Defendant refused to comply.
 

 Detective Carey asked Defendant to produce his license and registration. Defendant sifted through various cards, but was unable to locate his driver's license. Detective Carey witnessed him pass his license in the stack of cards at least four times, and ultimately had to identify the license for Defendant. Defendant
 
 *320
 
 indicated he did not have a registration card for the vehicle.
 

 While interacting with Defendant, Detective Carey observed that Defendant's speech was slurred, he was swaying, and unable to keep his eyes open. Detective Carey asked Defendant if he had anything to drink, and Defendant admitted he had consumed alcohol "approximately five hours" prior to the stop. Detective Carey observed a pint of Seagram's Gin in the front seat of Defendant's vehicle that was nearly empty. Defendant was not asked to perform field sobriety tests because "he was so unstable on his feet, [Detective Carey] felt that it would be unsafe[.]"
 

 A preliminary breath test administered to Defendant at the scene was positive for alcohol. However, the trial court struck this testimony after it was determined that the preliminary breath test was improperly administered. Defendant requested, and the trial court instructed the jury, that
 

 Detective Brian Carey testified as to the administration and results of a preliminary breath test or P-B-T that was administered to Bertylar Peace on April 18, 2013. The Court instructs you that Detective Carey did not administer the P-B-T properly. I instruct you that you are to disregard all the testimony you've heard relating to the administration and-or results of any P-B-T test to Mr. Peace on April the 18th, 2013, and that evidence should have no bearing whatsoever on your consideration and determination of the facts in this case.
 

 Defendant was arrested and transported to the Oxford Police Department for a separate breath test. Defendant informed Officer Alice Judkins that he would not provide a breath sample for the test, and the testing sheet was marked as a refusal. However, both Detective Carey and Officer Judkins testified that, in their opinion, Defendant had consumed a sufficient amount of an impairing substance to appreciably impair his physical and mental faculties.
 

 Following a jury trial which took place on July 19 and 20, 2016, Defendant was found guilty of driving while impaired, and was sentenced to twenty-four months imprisonment as a Level 1 offender. Defendant timely appealed, contending that (1) his trial counsel was ineffective by failing to raise the statute of limitations as an affirmative defense to his prosecution for impaired driving, and that (2) the trial court erred in failing to intervene concerning comments made during the prosecutor's closing argument. As to both contentions, we disagree.
 

 Analysis
 

 I.
 
 Ineffective Assistance of Counsel Claim
 

 "In general, claims of ineffective assistance of counsel should be considered through motions for appropriate relief and not on direct appeal."
 
 State v. Stroud
 
 ,
 
 147 N.C. App. 549
 
 , 553,
 
 557 S.E.2d 544
 
 , 547 (2001),
 
 cert. denied
 
 ,
 
 356 N.C. 623
 
 ,
 
 575 S.E.2d 758
 
 (2002).
 
 See also
 

 State v. Todd
 
 ,
 
 369 N.C. 707
 
 , 712,
 
 799 S.E.2d 834
 
 , 838 (2017) (holding that where the record "is insufficient to determine whether defendant received ineffective assistance of counsel," the trial court should determine if counsel's performance was deficient and if defendant was prejudiced). Because Defendant's claim for ineffective assistance of counsel is prematurely asserted on direct appeal, the same is dismissed without prejudice.
 

 II.
 
 Comments During Closing Arguments
 

 Defendant next contends that the trial court erred by failing to intervene
 
 ex mero motu
 
 during the State's closing argument. At trial, Defendant failed to object to the statements which he now contends were improper comments by the prosecutor. Defendant's contentions are meritless at best.
 

 Defendant claims that the following comment by the prosecutor was an improper expression of opinion: "[t]he State has proven beyond a reasonable doubt that this man was under the influence of some impairing substance." Defendant further asserts that the prosecutor made an improper statement of the law when he said,
 

 And implied consent means when everyone here who gets their license, if a police officer asks you to blow into that machine, you have to blow into that machine.
 

 ....
 

 *321
 
 This clearly says that you're required to take the test, and that if you don't take the test, you're going to lose your license for a year and possibly longer.
 

 Finally, Defendant claims that the prosecutor's statement that "Defendant said 'I have been drinking tonight' " was not supported by the evidence.
 

 North Carolina General Statute § 15A-1230 plainly states:
 

 During a closing argument to the jury an attorney may not become abusive, inject his personal experiences, express his personal belief as to the truth or falsity of the evidence or as to the guilt or innocence of the defendant, or make arguments on the basis of matters outside the record except for matters concerning which the court may take judicial notice. An attorney may, however, on the basis of his analysis of the evidence, argue any position or conclusion with respect to a matter in issue.
 

 N.C. Gen. Stat. § 15A-1230(a) (2015).
 

 The trial court correctly instructed the jury that "lawyers are permitted in their final statements, to argue, to characterize the evidence, and to attempt to persuade you to a particular verdict." Indeed, "counsel are given wide latitude in arguments to the jury and are permitted to argue the evidence that has been presented and all reasonable inferences that can be drawn from that evidence."
 
 State v. Jones
 
 ,
 
 355 N.C. 117
 
 , 128,
 
 558 S.E.2d 97
 
 , 105 (2002) (citation and internal quotation marks omitted).
 

 Judge Dillon, writing for this Court, recently stated:
 

 Control of counsel's arguments is left largely to the discretion of the trial court. When no objections are made at trial ... the prosecutor's argument is subject to limited appellate review for gross improprieties which make it plain that the trial court abused its discretion in failing to correct the prejudicial matters
 
 ex mero motu
 
 . Our review requires, a two-step inquiry: (1) whether the argument was improper; and, if so, (2) whether the argument was so grossly improper as to impede the defendant's right to a fair trial.
 

 In order to determine whether a prosecutor's remarks are grossly improper, the remarks must be viewed in context and in light of the overall factual circumstances to which they refer. An argument is not improper when it is consistent with the record and does not travel into the fields of conjecture or personal opinion.
 

 State v. Madonna
 
 , --- N.C. App. ----, ----,
 
 806 S.E.2d 356
 
 , 362 (2017) (citations and internal quotation marks omitted).
 

 The statements at issue herein were consistent with the evidence presented to the jury, and did not delve into conjecture or personal opinion. The prosecutor was merely summarizing the evidence in the first statement, arguing that the State had proven what is required by law, and attempting to persuade the jury "to a particular verdict." With regards to the second argument concerning Defendant's willful refusal, the prosecutor reasonably summarized the impact of Defendant's failure to submit to blood alcohol screening pursuant to
 
 N.C. Gen. Stat. § 20-16.5
 
 (b), which is not an element the jury was required to decide. Finally, Defendant admitted that he consumed alcohol five hours earlier that evening. Whether Defendant's merriment ended in the late afternoon or early evening, it cannot reasonably be argued that the prosecutor misstated the evidence regarding Defendant's admission to alcohol consumption.
 

 Even if there were some legitimacy to Defendant's contentions regarding closing arguments, the trial court's instructions to the jury were, once again, more than adequate to address any concern:
 

 At the conclusion of these arguments, I will instruct you on the law in this case[.]
 

 ....
 

 Now, if in the course of making a final argument to you, a lawyer attempts to restate part of the evidence, and what you remember the evidence to be is different from that of the lawyer, then it is your duty in recalling and remembering the evidence to guide it exclusively and solely by what you determine the evidence to be.
 

 See
 

 State v. Campbell
 
 ,
 
 359 N.C. 644
 
 , 679,
 
 617 S.E.2d 1
 
 , 23 (2005),
 
 cert. denied
 
 ,
 
 *322
 

 547 U.S. 1073
 
 ,
 
 126 S.Ct. 1773
 
 ,
 
 164 L.Ed. 2d 523
 
 (2006) (holding that defendant's right to a fair trial was not impeded when the prosecutor made alleged improper statements, but the trial court instructed the jury "not to rely on the closing arguments as their guide in evaluating the evidence").
 

 Even if, assuming
 
 arguendo
 
 , the remarks made by the prosecutor were improper, which they were not, Defendant's argument still fails because he has not demonstrated prejudice.
 
 See
 

 State v. Huey
 
 , --- N.C. ----,
 
 804 S.E.2d 464
 
 (2017) ;
 
 see also
 
 N.C. Gen. Stat. § 15A-1443(a) (2015). Given the overwhelming evidence presented at trial, there is no "reasonable possibility ... a different result would have been reached[.]"
 
 Huey
 
 , ---N.C. at ----,
 
 804 S.E.2d at 473
 
 .
 

 Conclusion
 

 Defendant's ineffective assistance of counsel claim is dismissed without prejudice. Furthermore, the statements made by the prosecutor during closing arguments were not improper, and Defendant received a fair trial free from error.
 

 DISMISSED IN PART; NO ERROR IN PART.
 

 Judges DILLON and ZACHARY concur.