An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-821

Filed 1 April 2026

Guilford County, Nos. 20CR028590-400, 20CR068230-400, 23CR028746-400

STATE OF NORTH CAROLINA

v.

JAYLEN ANTHONY COAD, Defendant.

Appeal by defendant from judgments entered 19 February 2025 by Judge R. Stuart Albright in Guilford County Superior Court. Heard in the Court of Appeals 24 February 2026.

*Attorney General Jeff Jackson, by Assistant Attorney General Hilary R. Ventura, for the State.*

*Jason Christopher Yoder, for defendant-appellant.*

FLOOD, Judge.

Defendant Jaylen Anthony Coad appeals from the trial court's judgments extending his probation. On appeal, Defendant argues the judgments extending his probation should be vacated because the trial court abused its discretion by extending his probation on 9 February 2022, two years after probation had expired in case file 20CR028590-400. Defendant also argues he is entitled to a new revocation hearing

because he received *per se* ineffective assistance of counsel where his trial lawyer asked that his client's probation be revoked in three separate cases that were originally ordered to run concurrently and failed to provide any meaningful positive advocacy on his client's behalf, resulting in the trial court ordering the sentences to run consecutively. Upon review, we hold the trial court sufficiently found good cause in extending Defendant's probation but clerically erred by extending Defendant's probation pursuant to the wrong statute. Moreover, as the Record reflects Defendant requested the very admission at trial he now alleges on appeal was deficient, we hold he did not receive ineffective assistance of counsel.

## I. <u>Factual and Procedural Background</u>

On 18 December 2018, in Mecklenburg County Superior Court, Defendant pled guilty to several convictions. The trial court sentenced him to thirteen to twenty-five months in prison but suspended the sentence for twenty-four months of supervised probation. While on probation for Mecklenburg County convictions, Defendant was charged with felony possession of a firearm by a felon in Guilford County on 12 February 2020 and with felony possession of a firearm by a felon on 31 July 2020 in Forsyth County. On 24 September 2020, Defendant's probation officer filed a probation violation report alleging Defendant had violated four conditions of probation, including failing to pay two necessary fees, possession of a firearm, and possession of marijuana paraphernalia. The trial court sentenced Defendant to an active sentence of thirteen to twenty-five months, suspended with thirty-six months

of supervised probation. His probation was then transferred to Guilford County for supervision. Defendant's probation expired on 18 December 2020 while Defendant was confined in Forsyth County.

On 9 February 2022, a hearing took place for the 24 September 2020 violation report. At the hearing, the trial court made an oral finding that good cause existed to hear the matter even though Defendant's probation had expired. The trial court then extended Defendant's probation thirty-six months from the date his probation had originally expired after finding Defendant had willfully violated the conditions of his probation. The trial court's written order, a pre-printed form, contained a box checked next to a line indicating Defendant's probation was extended with Defendant's consent pursuant to N.C.G.S. §§ 15A-1342(a) or 1343.2(d), instead of for good cause pursuant to N.C.G.S. § 15A-1344(d).

During this extended probation period, Defendant's probation officer filed a violation report, as well as two more violations, which had occurred after Defendant's probationary term expired. On 14 February 2025, the trial court held another probation revocation hearing on these violation reports. Defendant's counsel elected not to make an argument. The trial court then made an oral finding that good cause existed to hear the matter after Defendant's probation had expired based on the State's showing that Defendant was alleged to have absconded in the violation reports. Defendant, through his counsel, admitted to committing the violations and requested revocation of his cases. The trial court found Defendant had willfully

violated his probation and activated Defendant's sentences under all three of his December 2023 violation reports, to be served consecutively. Defendant timely appealed.

## II. Jurisdiction

This Court has jurisdiction to hear Defendant's appeal pursuant to N.C.G.S. §§ 7A-27(b) and 15A-1347 (2023).

## III. Analysis

On appeal, Defendant argues (A) the trial court erred in extending his probation on 9 February 2022 because the trial court lacked jurisdiction to extend probation pursuant to either N.C.G.S. § 15A-1342(a) or N.C.G.S. § 15A-1343.2(d), and the trial court abused its discretion in finding "good cause"; and (B) Defendant received *per se* ineffective assistance of counsel. We address each argument in turn.

### A. Extended Probation

Defendant first contends that the trial court erred in extending his probation. Specifically, he argues the trial court lacked authority to issue an extension under N.C.G.S. §§ 15A-1342(a) or 15A-1343.2(d) because the 9 February 2022 extension was ordered outside of the last six months of Defendant's original period of probation. Defendant also argues, in the alternative, that the trial court abused its discretion in finding good cause to hold the hearing and extend probation after the expiration of probation where the prosecutor presented no evidence of good cause, the prosecutor admitted he knew nothing about the history of the case, and the trial court failed to

state what constituted good cause to extend probation.

### 1. *Authority to Extend*

Defendant argues that the trial court erred by extending his probation at the 9 February 2022 hearing. Specifically, Defendant contends that neither N.C.G.S. § 15A-1342(a) nor N.C.G.S. § 15A-1343.2(d) authorized the trial court to extend his probation, as the trial court's written order stated that it was extending probation pursuant to N.C.G.S. §§ 15A-1342(a) or 15A-1343.2(d).

The State agrees that the extension would have fallen outside the appropriate statutory window had Defendant's probation been extended pursuant to N.C.G.S. §§ 15A-1342(a) or 15A-1343.2(d). The State contends, however, that the box indicating Defendant's probation was extended pursuant to N.C.G.S. §§ 15A-1342(a) or 15A-1343.2(d) on the pre-printed written judgment form was a clerical error. "A clerical error is an error resulting from a minor mistake or inadvertence, especially in writing or copying something on the record, and not from judicial reasoning or determination." *State v. Lark*, 198 N.C. App. 82, 95 (2009) (citations and internal quotation marks omitted).

Here, the Record indicates Defendant's probation was extended based on good cause alone. In fact, the State explicitly asked the judge to "find that we're hearing this outside of the period for good cause." Additionally, the trial court orally found that it was hearing the case outside of the period of probation for good cause. From these discrepancies, we discern that any boxes checked on the order extending

Defendant's probation purporting to act on a different rationale were the product of clerical error. Accordingly, we remand for the appropriate correction.

## 2. Good Cause

Defendant further argues the trial court erred and abused its discretion in finding "good cause" where the prosecutor stated he knew nothing about the history of the case. "[W]hether a trial court has the authority to revoke [or extend] a defendant's probation after the defendant's term of probation has expired is a jurisdictional question." *State v. Geter*, 383 N.C. 484, 488 (2022).

A trial court's jurisdiction to extend a defendant's probation after the expiration of that defendant's probationary term is governed by N.C.G.S. § 15A-1344(f), which states:

> (1) Before the expiration of the period of probation the State has filed a written violation report with the clerk indicating its intent to conduct a hearing on one or more violations of one or more conditions of probation.
>
> (2) The court finds that the probationer did violate one or more conditions of probation prior to the expiration of the period of probation.
>
> (3) The court finds for good cause shown and stated that the probation should be extended, modified, or revoked.

N.C.G.S. § 15A-1344(f) (2023). Meeting the jurisdictional requirements of section 15A-1344(f)(3) is a question of law involving:

> (1) whether a probation violation report was filed prior to the expiration of the defendant's probation;

(2) whether the trial court found that the defendant violated one or more conditions of his or her probation; and (3) whether the trial court found good cause that the probation should be extended, modified, or revoked.

*Geter*, 383 N.C. at 492.

Here, the trial court's extension of Defendant's probation complied with the conditions enumerated in N.C.G.S. § 15A-1344(f)(1)-(3). The first element was met. Defendant's probation was set to expire in December 2020. The State filed a written violation report on 24 September 2020 requesting a hearing on 17 November 2020 because Defendant had violated his probation by failing to pay two necessary fees, was found in possession of a firearm, and was arrested for possession of marijuana paraphernalia. Similarly, the second element was met when the trial court entered an order at the 9 February 2022 hearing finding Defendant had violated his probation prior to its expiration. Additionally, the trial court made an oral finding that Defendant's probation should be extended outside of Defendant's probationary period for good cause. This oral finding of good cause was a sufficient statement of good cause on the Record. *Id.* at 491 ("[W]e hold that the good cause found by the trial court must be 'stated' on the record, either in open court by the trial court, by a party with the trial court's endorsement, or within the trial court record.").

Regarding the third element, Defendant argues that a probationer violating probation conditions, without more, is not enough to show good cause. Whether good cause exists to meet the third element is a finding of fact delegated to the discretion

of the trial court, and thus is reviewed for abuse of discretion. *Id.* at 485. "Abuse of discretion occurs when a trial court's ruling was manifestly unsupported by reason and thus could not have been the result of a reasoned decision." *State v. Jordan*, 149 N.C. App. 838, 842 (2002). The trial court's discretion "must not be exercised absolutely, arbitrarily, or capriciously, but only in accordance with fixed legal principles." *Geter*, 383 N.C. at 494 (internal quotations and citation omitted).

Additionally, the finding of good cause "must actually be made by the trial court[;] [ ] such a finding cannot simply be inferred from the record." *State v. Morgan*, 372 N.C. 609, 616 (2019). "What constitutes 'good cause shown and stated' is a case-by-case, fact-specific determination which requires a trial court to consider the particular circumstances which mandate that good cause be shown." *Geter*, 383 N.C. at 493. "In reaching its conclusion the court should consider all the facts in evidence, and not act on its own mental impression or facts outside the record, although . . . it may take into consideration facts within its judicial knowledge." *Shankle v. Shankle*, 289 N.C. 473, 483 (1976). "All that is required in a [probation] hearing . . . is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has violated a valid condition upon which the sentence was suspended." *State v. Duncan*, 270 N.C. 241, 245 (1967).

Our Supreme Court concluded in *State v. Geter* that the State's filing of the probation violation report with the clerk of court listing a defendant's violations of

his probation was sufficient evidence for the trial court to find good cause existed to extend the defendant's probation:

> [T]he good cause found by the trial court must be "stated" on the record, either in open court by the trial court, by a party with the trial court's endorsement, or within the trial court record.
>
> It is undisputed that written probation violation reports were filed with the clerk of court against defendant by the State prior to the expiration of defendant's term of probation or that the trial court found—as was amply supported by the evidence—that defendant had in fact violated a condition of his probation by, at the least, being in possession of a firearm as a felon while on probation. The trial court, after receiving the "showing" by the State, explicitly found both orally and in writing that "good cause exists to revoke defendant's probation despite the expiration of his probationary period." The trial court went on to satisfy its statutory requirement by both finding good cause and "stating" in open court the basis for its finding of good cause.

*Geter*, 383 N.C. at 491–92. In other words, our precedent establishes—despite Defendant's assertions to the contrary—that the violation of probation *is* the good cause the trial court is required to state in order to revoke or extend probation.

Here, the trial court entered an Order on Violation of Probation stating Defendant had "violated the condition(s) of probation set forth . . . in the Violation Report or Notice of Hearing dated 09/24/2020." Per the probation violation report, Defendant was charged with felony possession of a firearm and misdemeanor carrying a concealed gun on 31 July 2020 in Forsyth County, in addition to violations of conditions concerning payments owed and possessing illegal drug paraphernalia.

This probation violation report was included in the Record and presented to the trial court during the probation hearing. Thus, the trial court, in the exercise of its discretion, determined that Defendant did violate his probation, as indicated on the probation hearing order. *See id.*; *Morgan*, 372 N.C. at 616. This served as evidence to reasonably satisfy there was good cause to extend Defendant's probation. *Duncan*, 270 N.C. at 245. Thus, the Record demonstrates that the trial court met all three of the jurisdictional requirements of N.C.G.S. § 15A-1344(f) and established a sufficient finding of good cause, and the trial court did not otherwise act in a manner "manifestly unsupported by reason . . . ." *Jordan*, 149 N.C. App. at 842. To the extent Defendant's argument is predicated on the belief that the trial court was required to explicitly state what the good cause was, neither our caselaw nor our historical practice supports this reading of the applicable legal standards.

As we hold the trial court did not abuse its discretion by extending Defendant's probation but did commit a clerical error by checking the box indicating that his probation was extended according to N.C.G.S. §§ 15A-1342(a) or 1343.2(d), instead of N.C.G.S. § 15A-1344(d), we remand to the trial court for correction of this clerical error. *See State v. Smith*, 188 N.C. App. 842, 845 (2008) ("When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record speak the truth." (quotation marks omitted)).

**B. Ineffective Assistance of Counsel**

Lastly, Defendant contends that he was irreparably prejudiced by *per se* ineffective assistance of counsel in violation of his right to a fair trial under the Sixth Amendment to the United States Constitution. In his briefing, Defendant argues his trial counsel was *per se* ineffective. This labeling appears to have been in error, however, as Defendant, in substance, argues ineffective assistance of counsel under the *Strickland v. Washington*, 466 U.S. 668 (1984), framework, not on a *per se* basis. Even in exercising caution and evaluating Defendant's arguments under the *Strickland* framework, however, we have carefully examined the Record and hold Defendant did not receive ineffective assistance of counsel.

"On appeal, this Court reviews whether a defendant was denied effective assistance of counsel de novo." *State v. Wilson*, 236 N.C. App. 472, 475 (2014). "A defendant's right to counsel includes the right to the effective assistance of counsel." *State v. Braswell*, 312 N.C. 553, 561 (1985) (citing *McMann v. Richardson,* 397 U.S. 759, 771 (1970)). "When challenging a conviction on the basis that counsel was ineffective, a defendant must show that counsel's conduct 'fell below an objective standard of reasonableness.'" *State v. Todd*, 369 N.C. 707, 710 (2017) (quoting *Strickland*, 466 U.S. at 688). The United States Supreme Court has set forth a two-pronged test for determining whether a defendant received ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the

"counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. Additionally, the Supreme Court has emphasized that, "[u]nless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.*

Here, Defendant has failed to show that his counsel's performance was deficient, and the Record does not show his counsel made errors so serious that counsel was not functioning in that capacity. Defendant, through his counsel, admitted that he had willfully violated several conditions of his probation and requested for his probation to be revoked. Defendant failed to report to his supervising officer on 9 November 2023 and 4 December 2023, which led to the probation office filing violation reports on 4 December 2023. Additionally, in December 2023, the probation officer filed addenda to the violation reports alleging that Defendant had absconded from his supervision.

Defendant argues his trial counsel's representation was ineffective because his trial counsel made the revocation request on behalf of Defendant. Defendant's trial counsel, however, had an ethical responsibility to abide by his client's decisions concerning the objectives of the representation. *See* N.C. Rules of Prof'l Conduct R.

1.2(a) (stating that "a lawyer shall abide by a client's decisions concerning the objectives of representation"). The Record reflects that the admission of probation revocation was a course of action requested by Defendant himself; thus, Defendant's trial counsel did not fall below an objective standard of reasonableness, but rather *complied* with an objective standard of reasonableness by adhering to Defendant's instructions regarding the ends of his representation. *Todd*, 369 N.C. at 711 ("The proper measure of attorney performance remains simply reasonableness under prevailing professional norms.").

## IV. <u>Conclusion</u>

The trial court did not abuse its discretion by extending Defendant's probation for good cause shown by the State, but it did commit a clerical error by checking the box indicating that his probation was extended pursuant to N.C.G.S. §§ 15A-1342(a) or 15A-1343.2(d) instead of N.C.G.S. § 15A-1344(d). Accordingly, we affirm the trial court's extension of probation, but we remand for correction of this clerical error. We also hold Defendant did not receive ineffective assistance of counsel.

AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERROR.

Judges TYSON and GRIFFIN concur.

Report per Rule 30(e).